UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } | |
| vs. | } | No. 18 cr 763 |
| CALIVAN WILLIAMSON, | } | Judge Gettleman |
| Defendant. | } | |

**DEFENDANT'S MOTION FOR CORRECTION OF SENTENCE**

Defendant Calivan Williamson, by his attorney Eugene O'Malley, respectfully moves for correction of his sentence pursuant to 18 USC § 3582(c)(B) and Rule 35(a) of the Federal Rules of Criminal Procedure. Williamson asks that his sentence of 27 months and 2 days imprisonment be reduced by 40 days in order to reflect the full intention of this court that he serve a sentence equivalent to what his sentence would be if served entirely in federal custody. In support of this motion, defendant submits:

**Posture of the Case and Imposition of Sentence**

Calivan Williamson entered a plea of guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a previously convicted felon, in violation of 18 USC § 922(g)(1). (#1) Williamson was arrested on December 23, 2017, by Chicago police officers on Illinois state charges and was released on bond the next day by the state court. He was remanded to state custody on March 15, and, following his federal indictment, was remanded to federal custody on December 7, 2018. (#23) The plea agreement provided that "[e]ach party is free to recommend whatever sentence it deems appropriate. (#29, ¶11)

On June 18, 2019, this court imposed sentence of 27 months and 2 days, the order of judgment providing that "[t]his sentence already takes into account the 268 days in Cook County custody." (#147) The judgment reflects the court's conclusion, stated of record during sentencing proceedings, that the appropriate sentence in this case is 36 months incarceration, and that defendant's sentence should be adjusted to reflect that he had been held in Illinois state custody for 2 days short of 9 months for the identical conduct that ultimately resulted in his federal indictment and transfer to federal custody.

**This court should correct defendant's sentence by reducing his term of incarceration by 40 days to reflect the meritorious sentence credit to which he would have been entitled under 18 USC § 3624(b)(1) had he served his 9 months of state incarceration time in federal custody.**

This court made clear during sentencing proceedings that it considered the appropriate sentence in this case to be a 36-month term of incarceration. Because defendant Williamson had served 9 months (less 2 days) in Illinois state custody for the conduct of conviction before he was charged by federal indictment and transferred to federal custody, this court imposed a prison term of 27 months and 2 days, thereby reducing a 36-month sentence by the state time he already served. In this way the court sought to fulfill its intention that the defendant serve the same period of incarceration that he would have faced had he been in federal custody from the time of his arrest.

However, correction of the sentence by a 40-day reduction is required to fully achieve this purpose because the present sentence fails to account for the 40-day sentence credit to which Williamson would be entitled under 18 USC § 3624(b)(1) had a spent those

first 9 months in federal, rather than state, custody. That statute provides that a federal prisoner may receive a sentence credit of up to 54 days for each year of imprisonment. The credit is normally awarded by the Bureau of Prisons upon a determination that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 USC § 3624(b)(1). As Williamson avers in the accompanying affidavit, he received no disciplinary violations during his period of state incarceration.

Had Williamson served his entire 36-month sentence in federal custody he would have been entitled to a credit of 54 days against his sentence for each year of incarceration. Because he served the first 9 months (less 2 days) of that period in an Illinois state facility the Bureau of Prisons is unable to award him sentence credit for that time. In order to assure that defendant not suffer additional imprisonment because of the transfer of custody, this court should correct his sentence by reducing his period of incarceration by 40 days, constituting 75%, or approximately 9 months, of the 54-day credit he could reasonably expect to receive had he served that time without disciplinary violation in federal custody.

### Authority

18 USC § 3582(c)(B) provides that "the court may not modify a term of imprisonment once it has been imposed except that . . .(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure". Rule 35(a) of the Federal Rules of Criminal Procedure states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Whether viewed as "arithmetical, technical or other," the sentence as orignally

first 9 months in federal, rather than state, custody. That statute provides that a federal prisoner may receive a sentence credit of up to 54 days for each year of imprisonment. The credit is normally awarded by the Bureau of Prisons upon a determination that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 USC § 3624(b)(1). As Williamson avers in the accompanying affidavit, he received no disciplinary violations during his period of state incarceration.

Had Williamson served his entire 36-month sentence in federal custody he would have been entitled to a credit of 54 days against his sentence for each year of incarceration. Because he served the first 9 months (less 2 days) of that period in an Illinois state facility the Bureau of Prisons is unable to award him sentence credit for that time. In order to assure that defendant not suffer additional imprisonment because of the transfer of custody, this court should correct his sentence by reducing his period of incarceration by 40 days, constituting 75%, or approximately 9 months, of the 54-day credit he could reasonably expect to receive had he served that time without disciplinary violation in federal custody.

### Authority

18 USC § 3582(c)(B) provides that "the court may not modify a term of imprisonment once it has been imposed except that . . .(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure". Rule 35(a) of the Federal Rules of Criminal Procedure states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Whether viewed as "arithmetical, technical or other," the sentence as orignally

first 9 months in federal, rather than state, custody. That statute provides that a federal prisoner may receive a sentence credit of up to 54 days for each year of imprisonment. The credit is normally awarded by the Bureau of Prisons upon a determination that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 USC § 3624(b)(1). As Williamson avers in the accompanying affidavit, he received no disciplinary violations during his period of state incarceration.

Had Williamson served his entire 36-month sentence in federal custody he would have been entitled to a credit of 54 days against his sentence for each year of incarceration. Because he served the first 9 months (less 2 days) of that period in an Illinois state facility the Bureau of Prisons is unable to award him sentence credit for that time. In order to assure that defendant not suffer additional imprisonment because of the transfer of custody, this court should correct his sentence by reducing his period of incarceration by 40 days, constituting 75%, or approximately 9 months, of the 54-day credit he could reasonably expect to receive had he served that time without disciplinary violation in federal custody.

### Authority

18 USC § 3582(c)(B) provides that "the court may not modify a term of imprisonment once it has been imposed except that . . .(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure". Rule 35(a) of the Federal Rules of Criminal Procedure states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Whether viewed as "arithmetical, technical or other," the sentence as orignally

imposed in this case includes clear error since it fails to provide for the equalization of time actually to be served, which was the court's explicit intention.

## Conclusion

A reduction of defendant's sentence by 40 days will accomplish the adjustment necessary to render the sentence equal to what he would have served were he to face a 36-month sentence in federal custody. Calivan Williamson respectfully asks this court to make the appropriate reduction.

Respectfully,

s/Eugene O'Malley

Eugene O'Malley
5357 W. Devon Ave.
Chicago IL 60646
Tel: 312 543-6557

*Attorney for Defendant Calivan Williamson*

State of Illinois    }
                     }  ss.
Cook County          }

## Affidavit of Calivan Williamson

I, Calivan Williamson, state on oath, on affirmation, or otherwise on penalty of perjury that:

1. I am the defendant in the matter of *United States v. Williamson*, No. 18 cr 763.

2. The allegations of the foregoing motion to correct sentence are true to the best of my knowledge and belief.

3. Specifically, the allegations on page 1 of the motion setting forth the dates of my arrest and custodial incarceration are taken from the Pre-Sentence Investigation Report (#23) and I believe them to be accurate and correct.

4. I received no disciplinary violations during the time I was held in Cook County custody for the conduct which ultimately became the basis for my federal conviction in this case.

Calivan Williamson

Signed and sworn to before me

on June 27, 2019.

Notary Public

## Certificate of Service

I, Eugene O'Malley, attorney of record for defendant Calivan Williamson, certify that on June 23, 2019, I served copies of the foregoing motion, upon all counsel of record by the electronic filing system of the district court.

s/Eugene O'Malley